

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 14 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CHARLES PHILIP SMITH**                                              **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO:** 1:16cv406HSO-JCG

**HUNTINGTON INGALLS INDUSTRIES, INC.**                              **DEFENDANT**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

This is an action to recover actual damages for discharge in violation of Mississippi public policy. Alternatively, if the Court finds that this tort does not lie, this is an action to recover damages for violation of a union contract cause provisions. The following facts support the action:

1.

Plaintiff CHARLES PHILIP SMITH is an adult resident citizen of 410 South Ann Street, Mobile, Alabama 36604.

2.

Defendant HUNTINGTON INGALLS INDUSTRIES, INC. is a Delaware corporation doing business in the State of Mississippi. It may be served with process through its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant has its principle place of business and state of incorporation in states other than Mississippi.

3.

This Court has diversity jurisdiction under 28 U.S.C. § 1332, and there is more than $75,000.00 in controversy. Additionally, the Court may find that this case requires an interpretation of the union contract. If so, there is federal question jurisdiction under 28 U.S.C. § 1331.

4.

Plaintiff was employed by Defendant from October 27, 2007 until he was discharged on May 9, 2016.

5.

The reason given for Plaintiff's discharge was that Plaintiff had a firearm in his locked vehicle on company premises.

6.

Plaintiff was discharged in violation of Mississippi public policy, specifically the public policy set forth in MISS. CODE ANN. § 45-9-55. This statute allows employees to store a firearm in a locked vehicle in any parking lot or other designated parking area. Plaintiff's discharge was in violation of this public policy set out in MISS. CODE ANN. § 45-9-55.

7.

Plaintiff believes this case does not depend upon the terms of the union contract. If this Court finds otherwise, then Plaintiff sues for violation of the provision of the union contract requiring cause for Plaintiff's discharge. The plant where Plaintiff worked was, in fact, a unionized plant, and there was a contract between a union and Defendant. There was no cause for Plaintiff's discharge, and the union contract requires cause for discharge.

8.

Plaintiff attempted to have the union enforce his rights under the contract, but the union failed, in bad faith, to take any meaningful action to support Plaintiff or to take the necessary steps to invoke the remedies provided by the union contract.

9.

Because the union, in bad faith, failed to enforce the contract, Plaintiff is entitled to enforcement of the contract.

10.

Plaintiff has suffered lost income, lost future income, mental anxiety and stress as a result of his discharge.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages in an amount to be determined by a jury, for reinstatement and for reasonable attorney's fees and costs.

RESPECTFULLY SUBMITTED, this the 11th day of November, 2016.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
JIM WAIDE
MSB # 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662/842-7324
FACSIMILE: 662/842-8056
EMAIL: WAIDE@WAIDELAW.COM

Attorneys for Plaintiff

3